UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN MICHAEL GABALDON, | No. SA CV 15-1435-DFM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Steven Michael Gabaldon ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for Social Security disability benefits. On appeal, the Commissioner concedes that the ALJ erred in both evaluating Plaintiff's testimony and discounting the opinion of Plaintiff's treating physician and the Court concludes that further administrative proceedings would serve no useful purpose. The ALJ's decision is therefore reversed and the matter is remanded for awarding of benefits consistent with this opinion.

///

///

# I.
# BACKGROUND

Steven Michael Gabaldon ("Plaintiff") was born on April 29, 1961. Administrative Record ("AR") 31. He has a tenth grade education. Id. He previously worked as a truck driver and delivered car batteries. AR 31-32. In 2008, Plaintiff suffered injuries in a workplace accident when he was hit with a 500-pound door. AR 32, 816.

On October 12, 2009, Plaintiff filed an application for disability insurance benefits, alleging disability beginning January 8, 2008. AR 132-33. After Plaintiff's application was denied, he requested a hearing before an Administrative Law Judge ("ALJ"). AR 90. Plaintiff was represented and testified at a hearing on September 27, 2011. AR 25-63. In addition to Plaintiff, a vocational expert and a medical expert both testified at the hearing. Id. The ALJ issued a written decision finding that Plaintiff was not disabled. AR 11-27. The Appeals Council denied Plaintiff's request for review. AR 1-5.

Plaintiff filed an appeal in this Court. This Court remanded the case for further administrative proceedings after finding that the ALJ erred in assessing Plaintiff's credibility and failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of Plaintiff's treating physician.

Following remand, a different ALJ examined the medical records and heard testimony from Plaintiff, who was represented by counsel, as well as a medical expert and a vocational expert. AR 779-837. On July 28, 2015, the ALJ determined that Plaintiff was not disabled from January 8, 2008, the alleged onset date, through the June 30, 2012, the date last insured. AR 756-78. The Appeals Council denied Plaintiff's request for review. AR 740-44. This second appeal followed.

///

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996) (citations omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

## III.
## THE EVALUATION OF DISABILITY

A person is "disabled" for purposes of receiving Social Security benefits if he is unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). A claimant for disability benefits bears the burden of producing evidence to

demonstrate that he was disabled within the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

### A. The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4); Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. Id. 404.1520(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. § 404.1520(a)(4)(iii). If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform her past work; if so, the claimant is not disabled and the claim must be denied. Id. § 404.1520(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform

other substantial gainful work available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. Id. § 404.1520; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

### B. The ALJ's Application of the Five–Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 8, 2008, the alleged onset date. AR 761. At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of cervical and lumbar spine with disc protrusion and stenosis, chondromalacia of the right knee, labral tear and tendinosis of the right shoulder, and bilateral carpal tunnel syndrome. AR 762. The ALJ also determined that Plaintiff's eye pain and headaches were nonsevere. Id. At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. Id.

At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform less than a full range of light work with additional limitations.[1] AR 762-63. In making this finding, the ALJ rejected Plaintiff's treating physician's opinion that Plaintiff's limitations and medications make him unable to return to his prior occupation and restricts him from gainful employment. AR 766-69; AR 731-39. The ALJ also determined that Plaintiff could not perform any past relevant work. AR 769. At step five, the ALJ relied

---

[1] The ALJ specified that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk two hours in an eight hour day with an opportunity to stretch one to three minutes per hour; occasionally climb stairs and ramps, but no ladders, ropes, or scaffolds; occasionally stoop, crouch, and kneel; no crawling; occasionally perform pedal operation bilaterally; frequently perform fine and gross manipulation with both upper extremities; occasionally reach at or above shoulder level with the right arm; and no work at unprotected heights or around moving machinery. AR 762-63.

on the VE's testimony to determine that jobs exist in significant numbers in the national economy that Plaintiff could perform, specifically cashier II and assembler of electrical accessories. AR 770. Additionally, the ALJ found that Plaintiff's allegations regarding his limitations were not entirely credible. AR 768-69. Accordingly, the ALJ found that Plaintiff was not disabled.

## IV.

## DISCUSSION

The Commissioner concedes that the ALJ's decision cannot be affirmed because (1) the ALJ did not provide sufficiently specific reasons supported by substantial evidence for discounting Plaintiff's allegations of pain and other symptoms, JS at 27-29; and (2) the ALJ's rationale for discounting Dr. Allen's treating medical source opinion was legally insufficient, id. at 43-44. The parties dispute whether the case should be remanded for further proceedings or for an immediate award of benefits. The Commissioner argues that additional administrative proceedings are warranted because there are still serious doubts about whether Plaintiff is disabled. id. at 29, 43. Plaintiff contends that Dr. Allen's opinion and Plaintiff's testimony should be credited as true and, because further administrative proceedings would serve no useful purpose, the case should be remanded for an award of benefits. Id. at 30-31, 44-45.

### A. Applicable Law

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting

Case 8:15-cv-01435-DFM Document 24 Filed 09/29/16 Page 7 of 12 Page ID #:1288

INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).

Where, as here, a claimant contends that he is entitled to an award of benefits because of an ALJ's failure to properly consider the claimant's testimony and medical evidence, the Court applies a three-step framework for applying the credit-as-true rule and determining whether to remand for further proceedings. See Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014); Treichler v. Comm'r Soc. Sec., 775 F.3d 1090, 1103 (9th Cir. 2014).

First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting the evidence. Treichler, 775 F.3d at 1103. Second, the Court determines "whether further administrative proceedings would be useful," asking "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." Id. at 1103-04. This Court must "assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony [or the physician's opinion] is credible as a matter of law." Id. at 1105. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible and the medical evidence true as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Id. at 1101 (citations omitted); see also Garrison, 775 F.3d at 1102 (holding that district courts retain flexibility to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act"). Only when all three elements are satisfied does a case raise the "rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. Treichler, 775 F.3d at 1101.

B.  **Analysis**

As noted above, the Commissioner concedes both (1) that the ALJ failed to provide sufficient reasons supported by substantial evidence for discounting Plaintiff's subjective complaints, see JS at 27 ("Defendant concedes that the ALJ did not provide sufficiently specific reasons supported by substantial evidence for discounting Plaintiff's allegations of pain and other symptoms."); and (2) that the ALJ failed to provide a legally sufficient basis for rejecting the opinion of Plaintiff's treating physician, see id. at 43 ("Defendant concedes that the ALJ's rationale for discounting Dr. Allen's treating medical source opinion was legally insufficient."). Accordingly, the Court finds that the first element of the Garrison/Treichler framework has been met.

Turning to the second element, the Court finds that the administrative record is detailed and complete and further administrative proceedings would not be useful. At the first administrative hearing in 2011, Plaintiff testified that he had an accident at work in 2008 which caused him to stop working due to pain associated with injuries to his head, right eye, right shoulder, neck, lower back, and right knee. AR 32-33. Plaintiff testified that he had (1) headaches three to four times a week, (2) constant pain in his right eye, (3) pain in his right shoulder approximately three times a week, (4) constant pain in his neck, (5) constant pain in his lower back, and (6) pain in his right knee three or four times a week. AR 34-37. Plaintiff testified that he has to lay down for approximately two hours twice a day due to severe back pains. AR 38-39. Plaintiff testified that he could lift and carry five to ten pounds comfortably, sit for about 20 to 30 minutes, walk for about 20 minutes, and stand for about 20 to 30 minutes. AR 39-40. Plaintiff reports that his medication causes side effects such as drowsiness, nausea, and heartburn. AR 40. At the second hearing in 2014, Plaintiff testified that although he has bad pain every day, he has extreme pain four or five days a week. AR 815-16.

      Plaintiff has consistently reported pain to his treating physicians since 2008. In 2008, Plaintiff reported having two to three headaches a week, soreness in his neck, pain in the mid back region, and pain on the flexion of the spine. AR 408, 437. In 2009, Plaintiff reported back pain at six out of ten despite temporary relief from a lumbar injection. AR 485-86. Plaintiff also complained on multiple visits of severe axial back pain, knee pain, multiple days of headaches each week, and neck pain. AR 500, 503, 566, 570, 579, 583, 589, 595-96, 628, 631, 635, 636. In March 2009, Plaintiff complained of headaches 2 to 3 times a week and an increase in back pain that trigger point injections did not help relieve. AR 624. In 2010, Plaintiff reported neck, back, and shoulder pain, and an increase in headaches. AR 640, 645, 648, 654, 656, 622-23, 679, 688-89. On July 28, 2010, Plaintiff completed a pain questionnaire where he reiterates all the pain he has reported to his physicians and also states that the medication he takes causes side effects of drowsiness, upset stomach, and constipation. AR 219-21. The records also indicate an increase in pain severity since 2008 and several rounds of steroids and nerve blocking injection into Plaintiff's spine, AR 487, 583, 595, 640, 689, 684, 692, as well as recommendations for injections into Plaintiff's knee and shoulder, AR 645, 648. On February 8, 2010, Plaintiff's treating physician noted that an MRI showed damage in Plaintiff's right shoulder that warranted surgery. AR 662.

      On September 26, 2011, Dr. Allen completed a treating physician's statement outlining his assessment of Plaintiff's limitations based on his treatment of Plaintiff from January 18, 2008 to November 22, 2010 and his review of Plaintiff's treatment records. AR 731-39. Dr. Allen based his opinion on objective evidence including multiple x-rays, and MRIs of the neck, lumbar, and thoracic spine. AR 773. Dr. Allen opined that with normal breaks Plaintiff could walk and stand for less than one hour at a time, sit less than one hour at

a time, stand and walk less than two hours in an eight-hour workday, sit less than two hours in an eight-hour workday, and walk/stand frequently without assistive devices. Id. Dr. Allen also opined that Plaintiff could occasionally carry and lift less than ten pounds in an eight-hour workday. AR 734. Dr. Allen concluded that Plaintiff is unable to return to his prior occupation and that his limitations and medication would restrict him from gainful employment. AR 737.

The Commissioner does not identify any outstanding issues that require resolution. The Commissioner argues that the ALJ needs "an opportunity to further develop the extent of Plaintiff's medication side effects, determine the benefit of treatment modalities and the necessity for surgical intervention, resolve conflicts in the medical opinion evidence, and determine whether Plaintiff's limitations would permit any work." JS at 29. But Garrison sharply criticized this type of argument for remand:

> Although the Commissioner argues that further proceedings would serve the "useful purpose" of allowing the ALJ to revisit the medical opinion and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that remand for the purpose of allowing the ALJ to have a mulligan qualifies as remand for a "useful purpose."

Garrison, 759 F.3d at 1021-22 (citations omitted). The Commissioner should not be allowed a third chance to attack Plaintiff's credibility and Dr. Allen's opinion. See, e.g., Moisa, 367 F.3d at 887 ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility."). The Court accordingly finds that the second step of the credit-as-true framework has been

satisfied.[2]

Turning then to the third and final element, the Court finds that crediting Plaintiff's testimony and Dr. Allen's opinion as true would require a finding that Plaintiff is disabled within the disabled within the meaning of the Social Security Act. Here, the vocational expert ("VE") at Plaintiff's second hearing testified that if an individual's standing, walking, and sitting abilities did not equal 8 hours, there would be no full-time work available for him. AR 823. The VE testified that if an individual was off task twenty percent of the time due to breaks, pain, or loss of concentration, there would also be no work available to him. AR 824. On cross-examination, the VE also concluded that there would be no work available to an individual with the limitations opined by Dr. Allen (stand/walk less than two hours and sit less than two hours in an eight-hour day). AR 829-33. Consistent with the VE's opinion, Plaintiff's credited testimony would exclude him from any job because his combined standing, walking, and sitting abilities do not equal 8 hours.

In sum, there is no ambiguity or need for further evaluation and no outstanding issues that must be resolved before a determination of disability can be made. It is clear from the record that the ALJ would be required to find Plaintiff disabled if Dr. Allen's opinion and Plaintiff's testimony are credited. See Moisa, 367 F.3d at 887 (holding that taken as true, Plaintiff's improperly discounted pain testimony established his inability to work and therefore the

---

[2] The Commissioner's supplemental memorandum (see Dkt. 17) argues that a remand would permit the ALJ an opportunity to review other evidence that supports a finding of non-disability, such as an examining physician's opinion, the medical expert's opinion, and records showing improvement. The Court has reviewed this evidence and finds that additional administrative proceedings would not be useful because "an evaluation of the record as a whole" does not create "serious doubt that [the] claimant is, in fact, disabled." See Garrison, 759 F.3d at 1021.

case should be remanded for immediate payment of benefits since no further agency expertise was required). Furthermore, the Commissioner should not have a third chance to decide Plaintiff's case. See id.; Benecke, 379 F.3d at 595 (holding that allowing Commissioner a second chance to decide the "central issue" in claimant's case 'create[s] an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication"). Plaintiff initially filed his application for disability insurance benefits in 2009. Further delay of "the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional" and contradicts the goals of fairness and efficiency that the credit-as-true rule is designed to achieve. Garrison, 759 F.3d at 1019 (quoting Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1398-99 (9th Cir. 1988)).

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for award of benefits consistent with this opinion.

Dated: September 29, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

12